Gagnon v. NH Dept. of H&HS          CV-98-299-M   08/31/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Elizabeth Gagnon,
     Plaintiff

     v.                                    Civil No. 98-299-M

Commissioner, New Hampshire Department
of Health and Human Services, et al.
     Defendants


## ORDER ON CLASS CERTIFICATION


Plaintiff challenges the constitutionality of a state statute and implementing regulations that govern the revocation of "conditional discharges" from involuntary confinement for mental health care.  When treating professionals determine that a person who has been involuntarily committed to a state mental institution for treatment is improved to the point that they can be treated in a less restrictive environment, those persons are "conditionally discharged" to facilitate that less restrictive treatment.  If the discharge conditions are not met, however, the discharged patient faces revocation and recommitment pursuant to the challenged statute and regulations – plaintiff says without due process.

For the reasons set out in plaintiff's memorandum of law in support of motion for class certification, the court finds that the requirements of Federal Rule of Civil Procedure 23(a) and

(b)(2) are met and the suit should proceed as a class action.  In this case, the declaratory, and injunctive relief sought addresses defendants' general application of the challenged statutory and regulatory system, and settling the legality of the challenged procedures as applied to the defined class as a whole, is appropriate.  Plaintiff describes action by defendants that is directed to a class, within the meaning of Rule 23(b)(2), and though it has taken effect or is threatened only as to a few members of the class, the action complained of is alleged to be based on grounds which have general application to the class as a whole.  See e.g. Baby Neal by Kanter v. Casey, 43 F.3d 48 (3d Cir. 1994); Brown v. Giuliani, 158 F.R.D. 251 (E.D.N.Y. 1994).

The class shall consist, for the time being, of plaintiff and all persons whose conditional discharge has been absolutely revoked and who, as a result of absolute revocation, are involuntarily confined or may be involuntarily confined to the New Hampshire Hospital or a designated receiving facility without a hearing or the opportunity to consult with or be represented by counsel.

Class certification decisions are conditional, and the court retains the power to modify the class description, to include defining sub-classes, if subsequent developments suggest that it is appropriate to do so.  Defendants argue that changed

2

circumstances may warrant substitution of some other person for this plaintiff as class representative. If that is the case, a separate (and supported) motion may be filed.

Finally, given that the class is certified under Rule 23(b)(2), and notice is discretionary, the court declines to require notice to be given to all members of the class. See e.g. W.P. v. Poritz, 931 F.Supp. 1187, 1193 n.2 (D.N.J. 1996).


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

August 31, 1999

cc: Ronald K. Lospennato, Esq.
    Suzanne M. Gorman, Esq.